**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**SECURITIES AND EXCHANGE COMMISSION,**

**Applicant,**

v.                                                                    **Case No.: 07-mc-247**

**O. J. CHIDOLUE,**

**Respondent.**

---

**PLAINTIFF SECURITIES AND EXCHANGE**
**COMMISSION'S STATUS REPORT**

The Securities and Exchange Commission ("Commission") hereby submits its Status Report pursuant to the Court's Minute Order dated June 15, 2007 ("Minute Order").

Pursuant to the Minute Order, the Court adjourned the show cause hearing scheduled for June 26, 2007 and ordered that the Commission file a Status Report by July 27, 2007 in which it either requested that the show cause hearing be placed back on the Court's calendar or informed the Court that this administrative subpoena enforcement matter had been resolved.  For the reasons discussed below, the Commission respectfully asks that it be provided with an addition thirty (30) days to file a second Status Report at which point the Commission will advise the Court regarding the need for a show cause hearing.

The chief purpose in asking for additional time is so that the Commission and O. J. Chidolue ("Chidolue") can attempt to resolve, without expending the Court's scarce resources, an outstanding issue regarding Chidolue's document production.  On June 13, 2007, approximately two weeks after this subpoena enforcement action had been

initiated, the Commission entered into a Stipulation with Chidolue pursuant to which he

agreed to produce, on or before June 29, 2007, "all documents . . . in his possession,

custody and/or control, which are responsive to the subpoena served on him . . . [and] a

log identifying all responsive documents that he has not produced for any reason."  See

Declaration of Michael K. Catoe ("Catoe Decl.") ¶¶ C & D, which is attached as Exhibit

A.  Chidolue also agreed to appear for testimony on July 18, 2007 at the Commission's

Washington offices, which he did.  Id. at ¶ D.

On June 29, 2007, Chidolue produced a single document in response to the

subpoena, along with a completed SEC Background Questionnaire and a privilege log of

documents and files withheld from production (the "Privilege Log").  See Catoe Decl. ¶

E.  On July 9, 2007, the Commission sent Chidolue's counsel a letter outlining its

concerns regarding the inadequacy of Chidolue's document production and Privilege

Log.  See Catoe Decl. ¶ F.

In particular, the Commission explained that the Privilege Log was

deficient and not in compliance with either the Stipulation or relevant law.  The primary

deficiency with the Privilege Log was that it did not describe the documents withheld "in

sufficient detail so that the SEC [wa]s able to assess the applicability of the privilege or

protection."  See Catoe Decl. ¶ F, Exh. 4 at 2, 4.  The Commission therefore requested in

its July 9th letter that Chidolue produce another Privilege Log which "properly suppl[ied]

the information necessary as to each document to support the claimed privileges."  The

Commission also told Chidolue that if he failed to produce a supplemental Privilege Log

before his scheduled testimony appearance, the Commission reserved its right to address

this issue with the Court.  See Catoe Decl. ¶ G,  Exh. 4 at 4–5.

On July 17, 2007, Chidolue produced several bank statements.  <u>See</u> Catoe Decl. ¶ H, Exh. 5.  Chidolue did not, however, produce any documents listed on the Privilege Log or supplement it.  During Chidolue's testimony appearance, moreover, the Commission asked him to more fully describe the documents identified on the Privilege Log so that it could assess the applicability of the privileges asserted.  Chidolue refused to do so, however, based on the advice of counsel. <u>See</u> Catoe Decl. ¶ I.

On July 24, 2007, the Commission spoke with one of Chidolue's attorneys, Robert Bredhoff, and reiterated its position that Chidolue's entire Privilege Log was deficient.  Notwithstanding this position, the Commission suggested a way in which the parties might resolve the ongoing production dispute.  Specifically, the Commission narrowed its request for more detailed information to only a few entries on the Privilege Log.  Bredhoff explained that his firm would consider the Commission's proposal if it was submitted in writing.  <u>See</u> Catoe Decl. ¶ J.

On July 24, 2007, the Commission then sent Chidolue's counsel a letter requesting that he provide additional information with respect to only five entries from the Privilege Log.  For each of these five entries, the Commission requested that Chidolue identify each individual document contained within the relevant bates range and that he provide information for each document consistent with the requirements of the Stipulation.  In accordance with the Stipulation, the Commission also requested that, for each document withheld on the basis of attorney-client privilege or work product protection, Chidolue describe the document "in sufficient detail so that the SEC is able to assess the applicability of the privilege or protection."  <u>See</u> Catoe Decl. ¶ K,  Exh. 6.

On July 25, 2007, the Commission had two additional conversations with Bredhoff during which he agreed to provide, by August 3, 2007, supplemental information with respect to the above-referenced five entries from the Privilege Log. Bredhoff further explained that Chidolue would not necessarily separately identify each individual document because doing so might divulge privileged information. He did indicate, however, that Chidolue would provide a description of the documents encompassed within the five entries in sufficient detail so that the SEC would be able to assess the applicable privilege or protection. <u>See</u> Catoe Decl. ¶ L. As such, the Commission asks that the Court provide it with an addition thirty (30) days in order for the parties to attempt to resolve this outstanding matter without the Court's further intervention.

Accordingly, the Commission respectfully requests that it be permitted to file its second Status Report on August 27, 2007 at which point it will advise the Court regarding the necessity of a show cause hearing. A proposed Order accompanies this Status Report.

Dated: July 27, 2007                      Respectfully submitted,

/s/ Dean M. Conway
_____
Dean M. Conway (DC Bar No. 457433)
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-4010
(202) 551-4412 (Direct)
(202) 772-9246 (Fax)
conwayd@sec.gov

Attorney for Applicant

## <u>CERTIFICATE OF SERVICE</u>

On July 27, 2007, I served the foregoing Securities and Exchange Commission's

Status Report on the following person by First-Class U.S. Mail:

> Robert F. Muse
> Stein Mitchell & Mezines, LLP
> 100 Connecticut Ave., NW
> Suite 1100
> Washington, DC 20036

/s/ Dean M. Conway

_____

Dean M. Conway

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

Applicant,

v.

O.J. CHIDOLUE,

Respondent.

Misc. No.: 07-mc-247

DECLARATION OF MICHAEL K. CATOE
IN SUPPORT OF APPLICATION FOR AN ORDER TO SHOW CAUSE AND
FOR AN ORDER REQUIRING OBEDIENCE TO SUBPOENA

I, Michael K. Catoe, pursuant to 28 U.S.C. § 1746, do hereby declare as follows:

A.      I am an attorney admitted to the Bar of the District of Columbia and the Bar of the State of Maryland.  I am employed as a staff attorney by the United States Securities and Exchange Commission ("SEC" or "Commission") in the Division of Enforcement, at the SEC's headquarters office in Washington, D.C.

B.      This Declaration is submitted in support of the SEC's Application for an Order to Show Cause and an Order Requiring Obedience to Subpoena directed to O.J. Chidolue ("Chidolue"), and is based upon my direct participation in the investigation encaptioned In the Matter of ERHC Energy Inc.

C.      On June 6, 2007, the Staff of the SEC's Division of Enforcement ("Staff") sought to enforce a subpoena issued by the SEC to O.J. Chidolue on November 15, 2006 in the investigation encaptioned In the Matter of ERHC Energy Inc. because of

Chidolue's failure, until that time, to produce documents or appear before the SEC for testimony in response to the subpoena.

D.    On June 13, 2007, the Staff entered into a Stipulation with Chidolue in the subpoena enforcement proceeding, under which Chidolue agreed to produce, on or before June 29, 2007, "all documents . . . in his possession, custody and/or control, which are responsive to the subpoena served on him . . . [and] a log identifying all responsive documents that he has not produced for any reason." Chidolue also agreed under the Stipulation to appear for testimony at the Commission's offices on July 18, 2007. See Catoe Decl. Exh. 1.

E.    Chidolue produced one document in response to the subpoena on June 29, 2007, along with a response to the SEC's Background Questionnaire that was served with the subpoena and a privilege log of documents and files that he withheld from production. These documents were produced under a cover letter of the same date from Chidolue's counsel. See Catoe Decl. Exh. 2 [June 29, 2007 Cover Letter]; Catoe Decl. Exh. 3 [June 29, 2007 Privilege Log].

F.    The Staff sent a letter to Chidolue's counsel on July 9, 2007, explaining its concerns with the adequacy of Chidolue's production and his privilege log. In particular, the Staff explained that the privilege log was deficient and not in compliance with the Stipulation and relevant law because it did not list each document withheld from production, and did not describe the documents withheld "in sufficient detail so that the SEC is able to assess the applicability of the privilege or protection." See Catoe Decl. Exh. 4 at 2, 4.

G.    The Staff requested in the July 9, 2007 letter to Chidolue's counsel that Chidolue produce a new privilege log by July 16, 2007, "properly supplying the

information necessary as to each document to support the claimed privileges." The Staff indicated that if Chidolue failed to produce an updated log before his testimony on July 18, 2007, the Staff reserved the right to address the issues pertaining to the log with the court. See Catoe Decl. Exh. 4 at 4–5.

H.    On July 17, 2007, under a cover letter from his counsel, Chidolue produced several of his bank account statements. See Catoe Decl. Exh. 5. Chidolue did not, however, produce any documents listed on the privilege log or provide an updated privilege log to the Staff.

I.    On July 18, 2007, Chidolue appeared for testimony at the Commission's headquarters in Washington, DC. The Staff asked Chidolue during testimony to describe the nature of the documents and files withheld and identified on the privilege log in sufficient detail for the Staff to be able to assess the applicability of the privilege or protection claimed with respect to each document. Chidolue refused to do so, on the basis that the requested information was privileged. Chidolue's counsel indicated during testimony that he was advising his client not to answer such questions because of counsel's concern that providing such information may potentially waive the privilege or protection claimed with respect to each document.

J.    On July 24, 2007, the Staff had a telephone conversation with Robert Bredhoff, one of Chidolue's lawyers at Stein, Mitchell & Mezines L.L.P. During this conversation, the Staff explained that, although it still took the position that Chidolue's entire privilege log was deficient and not in compliance with the Stipulation and relevant law, in an effort to resolve the staff's concerns about the log, the Staff was considering issuing a request to Chidolue that he provide additional information sufficient for the Staff to assess Chidolue's applicable privilege claims with respect to only a few entries listed on

3

the log.  Mr. Bredhoff explained that his firm would consider the Staff's request if it was submitted to him in writing.

   K. On July 24, 2007, the Staff sent a letter to Chidolue's counsel requesting that Chidolue provide additional information with respect to five entries listed on the privilege log.  For each of the five entries, the Staff requested that Chidolue identify each individual document contained within the relevant Bates range, and that he provide information on each document consistent with the requirements of the Stipulation.  In accordance with the Stipulation, the Staff also requested that, for each document withheld on the basis of attorney-client privilege or work product protection, Chidolue describe the document "in sufficient detail so that the SEC is able to assess the applicability of the privilege or protection."  See Catoe Decl. Exh. 6.

   L. On July 25, 2007, the Staff had two telephone conversations with Mr. Bredhoff, during which he explained that Chidolue would provide supplemental information with respect to the five entries that the Staff identified from the privilege log by August 3, 2007.  Mr. Bredhoff explained that Chidolue would not necessarily provide a separate identification of each individual document contained within the relevant Bates ranges of the five entries identified, as doing so may divulge privileged information. He did indicate, however, that Chidolue would provide a description of the documents encompassed within the five entries in sufficient detail for the SEC to be able to assess the applicable privilege or protection.

   M. Attached as exhibits to my declaration are true and correct copies of the following documents:

| Exhibit No. | Description |
|---|---|
| 1. | Stipulation between SEC and O.J. Chidolue. |
| 2. | Letter dated June 29, 2007 from Robert F. Muse, Esq. to Michael Catoe. |
| 3. | Privilege Log for O.J. Chidolue of June 29, 2007. |
| 4. | Letter dated July 9, 2007 from Michael Catoe to Robert F. Muse, Esq. |
| 5. | Letter dated July 17, 2007 from Robert F. Muse, Esq. to Michael Catoe. |
| 6. | Letter dated July 24, 2007 from Michael Catoe to Robert F. Muse, Esq. and Robert L. Bredhoff, Esq. |

I declare under penalty of perjury that the foregoing is true and correct. Executed on July **27**, 2007.

Michael K. Catoe

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION   )
                                        )
            Applicant,          )
                                          )
v.                                          )     Misc. No.: 07-mc-247
                                          )
O. J. CHIDOLUE                       )
                                        )
            Respondent.     )
                                        )
_____ )

## **STIPULATION**

The Securities and Exchange Commission ("SEC") and O. J. Chidolue ("Chidolue"), by

counsel, hereby agree and stipulate as follows:

1.    Chidolue, on or before June 29, 2007, shall produce to the SEC at its

Headquarters in Washington, D.C. all documents (as that term is defined in the subpoena dated

November 15, 2006) in his possession, custody and/or control, which are responsive to the

subpoena served on him on November 15, 2006. In addition, on or before June 29, 2007,

Chidolue shall submit to the SEC a log identifying all responsive documents that he has not

produced for any reason. The log shall identify for each document: (a) the creator(s) of the

document; (b) the date of the document; (c) the present, or last known, custodian of the

document; (d) the subject matter of the document; (e) all persons known to have been furnished

the document or a photocopy of the document and all persons known to have been informed of

the document's substance; and (f) the reason the document is not being produced. Further, to the

extent that any documents are withheld on the basis of a claim of attorney-client privilege or

attorney work product protection, Chidolue shall describe the nature of the documents,

communications or things not produced in sufficient detail so that the SEC is able to assess the

applicability of the privilege or protection.

    2.      Chidolue shall appear on July 18, 2007 for testimony at the SEC's Headquarters

in Washington, D.C.

Robert F. Muse, D.C. Bar #166868
Stein Mitchell & Mezines, LLP
1100 Connecticut Avenue, N.W.
Suite 1100——
Washington, D.C. 20036
(202) 737-7777
Attorney for O. J. Chidolue

Dean M. Conway, D.C. Bar #457433
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-4010
(202) 551-4412
Attorney for Plaintiff

2

**EXHIBIT 2**

LAW OFFICES

# STEIN, MITCHELL & MEZINES
### L.L.P.
1100 CONNECTICUT AVE., N.W., STE. 1100
## WASHINGTON, D. C. 20036

GLENN A. MITCHELL
JACOB A. STEIN
GERARD E. MITCHELL
ROBERT F. MUSE
DAVID U. FIERST
RICHARD A. BUSSEY
PATRICK A. MALONE
ROBERT L. BREDHOFF
CHRISTOPHER H. MITCHELL
ANDREW M. BEATO
LAURIE A. AMELL
DENIS C. MITCHELL
ARI S. CASPER
JOSHUA A. LEVY

OF COUNSEL
GEORGE ANTHONY FISHER
RETIRED
BASIL J. MEZINES

TELEPHONE: (202) 737-7777
TELECOPIER: (202) 296-8312
www.SteinMitchell.com

June 29, 2007

Michael K. Catoe, Esq.
Senior Counsel
U.S. Securities and Exchange Commission
Division of Enforcement
100 F Street, N.E.
Washington, DC  20549-4631

> Re:    Document Subpoena of O.J. Chidolue, In re ERHC Energy, Inc., HO-
> 10247

Dear Mr. Catoe:

Permit me to address several matters relevant to O.J. Chidolue's response to the subpoena issued by the Securities and Exchange Commission ("SEC" or "the Commission") dated November 9, 2006, and in furtherance of the stipulation entered into by Mr. Chidolue and the SEC on June 13, 2007:

1.  Attached to this letter is Mr. Chidolue's submission in response to the SEC subpoena issued to him in the matter of ERHC Energy, Inc., HO-10247.

2.  Within the boundaries of the law, including the constraints of his fiduciary duties to his clients, Mr. Chidolue is cooperating with this subpoena and with the SEC's investigation. The vast majority of the documents relate directly to Mr. Chidolue's legal representation of ERHC, Chrome Energy, LLC, Emeka Offer, and other entities.  Since the stipulation was made, Mr. Chidolue and counsel have worked continuously to make sure that he meets his obligations under the subpoena and otherwise under the law. To that end, Mr. Chidolue traveled from Nigeria to London, where counsel

met with him to review the subpoena and to begin compliance with these obligations. Mr. Chidolue has made a search of all documents in his possession, custody or control to locate those documents responsive to the subpoena. We continue to be in regular contact with Mr. Chidolue to make certain that he is meeting his obligations. In every respect, Mr. Chidolue wishes to meet his obligations under the subpoena while at the same time respecting the legal privileges of his clients.

3.  Mr. Chidolue objects to the subpoena to the extent that it calls for documents protected by the attorney-client privilege and the work product doctrine. He also objects to the subpoena because it is unreasonable and oppressive. The issuance of a subpoena to a lawyer is a highly unusual tactic which arguably renders it objectionable even if the requested documents were not privileged.

4.  Notwithstanding Mr. Chidolue's willingness to cooperate, certain bedrock legal principles of privilege must circumscribe his response. It is a rare and problematic endeavor to subpoena an attorney, particularly one who has already responded on a client's behalf to a subpoena issued to that client in the same investigation.

5.  Given the earlier production as well as the FBI raid of corporate headquarters in June 2006, the majority of the responsive documents in Mr. Chidolue's possession are documents the SEC has already seen. By issuing a subpoena to Mr. Chidolue, a member in good standing with the Texas bar, you have unnecessarily forced him into making an untenable choice of either waiving, and asking his clients to waive, a manifestly legal privilege or failing to cooperate with the federal government.

6.  On Friday, June 22, 2007, we informed you by telephone of Mr. Chidolue's intention to cooperate with this investigation, but that 95% of what you have requested is privileged. In response, you stated that those documents Mr. Chidolue received in his capacity as a corporate officer – rather than as an attorney – would not be privileged, and that you would want him, at a minimum, to produce those documents. We explained then and repeat now that we disagree with that analysis, particularly as Mr. Chidolue did not cease being counsel to his clients at the time the documents were received, and he has maintained such documents in his files as an attorney.

7.  The overwhelming majority of responsive documents in Mr. Chidolue's possession are privileged. To demonstrate his attempt to navigate through the problems born from this subpoena, we are attaching a privilege log, but, consistent with Mr. Chidolue's obligations to his client, we are not describing the subject matter of the documents out of a concern that doing so would waive privilege.

8. The few documents and information that are not privileged are personal financial records from June 1, 2003 to the present and his personal background information, which you have requested through the subpoena. We attach the completed background questionnaire to this letter. He has not and does not keep a calendar, day-timer, appointment book, or an electronic organizer device. Also, Mr. Chidolue regularly disposes of his personal financial records and does not hold any securities or other equity. His bank account numbers are as follows:

1.    Memorial Credit Union, Houston, Texas. Account # ████

2.    Bank of America, Houston, Texas. Accounts # ████████ &
       ████████

We also note that Felicia Chidolue, Mr. Chidolue's wife, holds Account # ████████ with Charles Schwab. (See ████████ )

9. Consistent with the stipulation, Mr. Chidolue is prepared to travel from Nigeria to Washington, DC, so that he can appear before the Commission on July 18, 2007. In connection with that appearance, we respectfully notify you that the privileges discussed above apply as well to any testimony you may seek. Accordingly, Mr. Chidolue, on the advice of counsel, will be asserting privilege as to his testimony.

Thank you for your attention to this matter. Please let me know if you have any questions or if further discussions would be helpful.

Sincerely,

Robert F. Muse

cc:    Dean Conway, Esq.

**EXHIBIT 3**

**Privilege Log for O.J. Chidolue of June 29, 2007**

| Bates Number | Date | Description | Authors | Recipients | Privilege Attorney-Client ("AC") Attorney Work Product ("WP") |
|---|---|---|---|---|---|
| SMM-000001-000002 | undated | notes | O.J. Chidolue | n/a | AC/WP |
| SMM-000003-000019 | 2.24.04 | proposal | unknown | Chidolue | AC/WP |
| SMM-000020-000041 | 2.24.04 | letter | John Robertson | Sir Emeka Offor ERHC Directors | AC/WP |
| SMM-000042-000043 | 2.23.04 | draft letter Chidolue's notes | John Robertson | Wade G. Cherwayko, Esq. | AC/WP |
| SMM-000044-000047 | 2.24.04 | letter | Alistair Crellin | Sir Emeka Offor ERHC Directors | AC/WP |
| SMM-000048-000054 | 2.2004 | table of contents timeline Chidolue's notes | unknown | Chidolue | AC/WP |
| SMM-000055-000057 | 11.2003 | article | Alan Perry & David Lerer of Kendall Freeman | n/a | AC/WP |
| SMM-000058-000069 | 2.16.04 | memorandum | Brewer & Prichard | Chude Mba John Coleman Richard Stanford Brian Baumler Eddie Goldsberry | AC/WP |
| SMM-000070-000250 | 6.18.04 | pleading and exhibits Chidolue's notes | John Geddie Gerald Siegmeyer | Emeka Offor ERHC Chrome Oil Services, Ltd. Chrome Energy LLC Chrome Consortium African Express Bank PLC Nimec Investments Ltd. | AC/WP |

| SMM-000251-000286 | 9.2.04 | memorandum correspondence Chidolue's notes pleadings | Chidolue | Bob Bennett | AC/WP |
|---|---|---|---|---|---|
| SMM-000287-000344 | undated | discovery file | Chidolue | n/a | AC/WP |
| SMM-000345-000347 | 8.25.04 | letter | Chidolue | Bennett | AC/WP |
| SMM-000348-000416 | undated | First Atlantic Bank case file, including emails, draft pleadings, and Chidolue's notes | Chidolue | n/a | AC/WP |
| SMM-000417-000435 | undated | draft agreements Chidolue's notes | Chidolue Geddie | ERHC Bob Bennett | AC/WP |
| SMM-000436-000438 | undated | draft agreement | Chidolue Geddie | ERHC Bob Bennett | AC/WP |
| SMM-000439-000450 | undated | draft agreement | Chidolue Geddie | ERHC Bob Bennett | AC/WP |
| SMM-000451 | undated | notes | Chidolue | n/a | AC/WP |
| SMM-000452-000455 | 8.4.04 | memorandum Chidolue's notes attachments | Chidolue | John B. Geddie Rick Stanford Steve Ahanaku | AC/WP |
| SMM-000456-000457 | 7.28.04 | memorandum | Chidolue | Sir Emeka Offor | AC/WP |
| SMM-000458-000462 | 7.22.04 | memorandum Chidolue's notes attachments | Chidolue | John B. Geddie Rick Stanford Sam Madeugbuna | AC/WP |

| Bates | Date | Type | Author | Recipients | Privilege |
|---|---|---|---|---|---|
| SMM-000463-000467 | 7.22.04 | letter / Chidolue's notes | John B. Geddie | Chidolue, Sam Maduegbuna, Richard Stanford | AC/WP |
| SMM-000468-000469 | 7.22.04 | memorandum | Chidolue | Madeugbuna, Stanford | AC/WP |
| SMM-000470-000490 | 6.18.04 | pleading | John Geddie, Gerald Siegmeyer | Emeka Offor, ERHC, Chrome Oil Services, Ltd., Chrome Energy LLC, Chrome Consortium, African Express Bank PLC, Nimec Investments Ltd. | AC/WP |
| SMM-000491-000493 | 6.21.04 | memorandum | Chidolue | Sir Emeka Offor | AC/WP |
| SMM-000494-000497 | 6.21.04 | county form | Charles Bacarisse | Chidolue | AC/WP |
| SMM-000498-000501 | 6.21.04 | county form | Charles Bacarisse | Chidolue | AC/WP |
| SMM-000502-000503 | undated | notes | Chidolue | n/a | AC/WP |
| SMM-000504-000507 | 8.27.04 | pleadings | Offor | n/a | AC/WP |
| SMM-000508-000512 | 8.27.04 | memorandum | Bar Muna Ibemesi | Chidolue | AC/WP |
| SMM-000513 | 8.14.04 | e-mail | Richard Stanford | Chidolue, Ali Memnon, John Coleman, Ike, Thomas Pritchard, Steve Ahanaku, Susan Jopio | AC/WP |
| SMM-000514 | 6.18.04 | court order | Charles Bacarisse | n/a | AC/WP |

| | | | | |
|---|---|---|---|---|
| | Chidolue's notes | | | |
| SMM-000515-000517 | 8.15.04 | invoice Chidolue's notes | Chidolue | Offor | AC/WP |
| SMM-000518-000523 | undated | draft agreement | John Geddie Chidolue | ERHC Bob Bennett | AC/WP |
| SMM-000524 | undated | notes | Chidolue | n/a | AC/WP |
| SMM-000525-000600 | 6.16.06 | Chrome Energy LLC file, including Chidolue's notes and other documents | Chidolue | n/a | AC/WP |
| SMM-000601-000606 | various dates in 2006 | Chidolue's notes in bank documents | Bank of America | Chidolue | AC/WP |
| SMM-000607-000611 | 7.2006 | draft letter and notes | Chidolue | n/a | AC/WP |
| SMM-000612-000615 | 7.24.06 | draft letter | Chidolue | Michael Catoe | AC/WP |
| SMM-000616-000619 | 7.24.06 | draft letter | Chidolue | Michael Catoe | AC/WP |
| SMM-000620-000626 | 7.24.06 | draft letter & attachments | Chidolue | Michael Catoe | AC/WP |
| SMM-000627-000628 | 7.14.06 | letter | Chidolue | Offor | AC/WP |
| SMM-000629-000634 | undated | notes and attachments | Chidolue | n/a | AC/WP |
| SMM-000635-000638 | 6.26.06 | facsimile | Ivy | Chidolue | AC/WP |

| Bates Range | Date | Description | | | |
|---|---|---|---|---|---|
| SMM-000639-000651 | 5.9.06 | letter and memorandum; Fed Ex slip; draft letter; draft agreement | Donna Lyn Carter | Andrew Lee | AC/WP |
| SMM-000652-000663 | undated | notes and attachments | Chidolue | n/a | AC/WP |
| SMM-000664-000667 | 5.10.04 | file, including notes, letter, and fax | Chidolue | n/a | AC/WP |
| SMM-000668-000669 | 7.1.04 | memorandum | Chidolue | Billl Sim | AC/WP |
| SMM-000671-000693 | undated | file on Ali Memnon | Chidolue | n/a | AC/WP |
| SMM-000694-000779 | undated | file on search for a President and CEO of ERHC | Chidolue | n/a | AC/WP |
| SMM-000780 | 2.7.01 | file on Cost of Formation | Chidolue | n/a | AC/WP |
| SMM-000786-000799 | 5.14.01 | fax with attached draft corporate documents | Donna Carter | Chidolue | AC/WP |
| SMM-000800-000812 | 1.16.01 | fax with attached draft corporate documents | Lee Johnson | Chidolue | AC/WP |

| Bates Range | Date | Description | Author/From | To | Privilege |
|---|---|---|---|---|---|
| SMM-000813-000863 | undated | file on ERHC Office Lease Agreement | Chidolue | n/a | AC/WP |
| SMM-000864-000880 | undated | file on CMS articles of inc. | Chidolue | n/a | AC/WP |
| SMM-000881-001585 | undated | Chrome Energy LLC document production | Chrome Energy LLC | n/a | AC/WP |
| SMM-001586-001594 | 2.15.07 | witness list | Bob Bennett | Chidolue | AC/WP |
| SMM-001604 | 8.22.06 | draft letter | Chidolue | Michael Catoe | AC/WP |
| SMM-001605 | 8.25.06 | draft letter | Chidolue | Catoe | AC/WP |
| SMM-001606 | 9.5.06 | draft letter | Chidolue | Catoe | AC/WP |
| SMM-001607 | 7.17.01 | invoice | Chidolue | Chude Mba | AC/WP |
| SMM-001608-001610 | NOT RESPONSIVE | | | | |
| SMM-001611-001612 | 2.29.04 | memorandum | Chidolue | Sir Emeka Offor Group Capt. Nnoruka Ike Okpala Peter Ntephe | AC/WP |
| SMM-001613 | 7.28.04 | memorandum | Chidolue | Sir Emeka Offor | AC/WP |
| SMM-001614-001615 | 2.14.05 | memorandum | Chidolue | Ali Memnon | AC/WP |
| SMM-001616-001621 | undated | fact sheet | Lakeshore Capital Ltd. | unknown | AC/WP |
| SMM-001622-001625 | undated | draft pleading | Geddie | Chidolue | AC/WP |

| | | | | |
|---|---|---|---|---|
| | | | Bennett | |
| SMM-001626-001629 | undated | draft pleading | Chidolue Bennett | AC/WP |
| SMM-001630-001633 | undated | draft pleading | Geddie | AC/WP |
| SMM-001634-001635 | 2004 draft letter | unknown | Ali Memnon | AC/WP |
| SMM-001636-001641 | 2.14.05 | memorandum | Steve Ahaneku | AC/WP |
| SMM-001642-001643 | 2.14.05 | memorandum | Chidolue | AC/WP |
| SMM-001644-001645 | undated | draft pleading | Chidolue Bennett | AC/WP |
| SMM-001646 | 8.15.04 | invoice | Chidolue | AC/WP |
| SMM-001647-001648 | 8.15.04 | invoice | Chidolue | AC/WP |
| SMM-001649-001650 | 12.24.04 | invoice | Chidolue | AC/WP |
| SMM-001651-001655 | undated | draft pleading | Chidolue Bennett | AC/WP |
| SMM-001656-001657 | 7.15.04 | draft memorandum | Chidolue | AC/WP |
| SMM-001658-001660 | 2004 draft letter | unknown | Ali Memnon | AC/WP |
| SMM-001661 | 11.22.05 | draft letter | Chidolue | AC/WP |
| SMM-001662 | 7.14.06 | draft | Chidolue | AC/WP |

Note: The following column values appear for select rows (third-party recipient column):

| Bates | | | | |
|---|---|---|---|---|
| SMM-001626-001629 | | | | Geddie |
| SMM-001630-001633 | | | | Geddie |
| SMM-001634-001635 | | | | Ali Memnon |
| SMM-001636-001641 | | | | Ali Memnon |
| SMM-001642-001643 | | | | Ali Memnon |
| SMM-001644-001645 | | | | Sir Emeka Ofor |
| SMM-001646 | | | | Sir Emeka Ofor |
| SMM-001647-001648 | | | | Sir Emeka Ofor |
| SMM-001649-001650 | | | | Sir Emeka Ofor / Steve Ahaneku |
| SMM-001651-001655 | | | | Sir Emeka Ofor |
| SMM-001656-001657 | | | | unknown |
| SMM-001658-001660 | | | | Ali Memnon |
| SMM-001661 | | | | Gerald Padmore |
| SMM-001662 | | | | Chrome Energy, LLC |

| | | | | | |
|---|---|---|---|---|---|
| | memorandum | | | | |
| SMM-001664 | 7.23.04 | draft letter | Chidolue | Chude Mba | AC/WP |
| SMM-001665-001666 | 8.21.04 | draft letter | Chidolue | Sir Emeka Offor | AC/WP |
| SMM-001667 | | 2004 draft letter | H.K. Dickenson & Associates | Ali Memnon | AC/WP |
| SMM-001668 | | 2004 draft letter | H.K. Dickenson & Associates | Ali Memnon | AC/WP |
| SMM-001669-001671 | 2.15.06 | draft letter | T. Deon Warner | Peter Ntephe | AC/WP |
| SMM-001672-001674 | 2.15.06 | draft letter | T. Deon Warner | Peter Ntephe | AC/WP |
| SMM-001675 | 6.22.06 | draft letter | Chidolue | Michael Catoe | AC/WP |

**EXHIBIT 4**



UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

DIVISION OF
ENFORCEMENT

July 9, 2007

**VIA FACSIMILE & FIRST-CLASS MAIL**
**(202) 296-8312**

Robert F. Muse, Esq.
Stein, Mitchell & Mezines L.L.P.
1100 Connecticut Avenue, N.W., Suite 1100
Washington, DC 20036

      Re:   *In the Matter of ERHC Energy Inc.,*
           <u>SEC File No. HO-10247</u>

Dear Mr. Muse:

    As you are aware, the staff of the Securities and Exchange Commission is conducting an investigation in the matter identified above. On November 15, 2006, the staff issued a subpoena to your client, O.J. Chidolue, requiring production of certain documents and his appearance for testimony. On June 6, 2007, the staff filed a subpoena enforcement action in the United States District Court for the District of Columbia against Mr. Chidolue because he failed to produce any documents or appear for testimony in response to the subpoena. On June 13, 2007, the staff of the Commission entered into a Stipulation with Mr. Chidolue in the subpoena enforcement proceeding. Under the terms of the Stipulation, Mr. Chidolue agreed to produce, on or before June 29, 2007, "all documents . . . in his possession, custody and/or control, which are responsive to the subpoena served on him . . . ."

    On June 29, 2007, you wrote to the staff on behalf of your client and attached certain documents that you stated constituted Mr. Chidolue's "response to the SEC subpoena." In the "response," however, Mr. Chidolue produced only three documents – a background questionnaire, a brokerage account statement, and a privilege log. We write to address concerns we have regarding your client's response to the subpoena and his compliance with the terms of the Stipulation. In addition, we write to place Mr. Chidolue on notice that we reserve all of our rights to continue to seek to enforce Mr. Chidolue's compliance with the subpoena through the enforcement action.

    As an initial matter, Mr. Chidolue has produced essentially only one document as responsive to the subpoena sent to him.[1] As indicated in your cover letter and in the

---

[1]    The completed background questionnaire provided by Mr. Chidolue provides relevant information that was sought by the staff but, as referenced in the cover letter sent to Mr. Chidolue with the subpoena, Mr. Chidolue's completion of the questionnaire was voluntary and not required under the terms of the subpoena. The privilege log, of course, summarizes those responsive documents that were not produced under a claim of privilege.

Robert F. Muse, Esq.
July 9, 2007
Page 2

privilege log, Mr. Chidolue apparently takes the position that "95% of what [the staff] ha[s] requested is privileged" and has therefore withheld all other responsive documents. Given the scope of the requests in the subpoena, the time periods at issue, and the staff's current understanding of Mr. Chidolue's relationship to certain of the entities about which information is sought in the subpoena, we are surprised that Mr. Chidolue has only *one* non-privileged, responsive document in his possession custody and/or control.

For example, the subpoena requires Mr. Chidolue to produce all documents concerning any positions he has held with certain entities and concerning any compensation that he received from them. *See* Supboena Attachment, Request No. 3. The staff believes that there are numerous non-privileged documents that could evidence such information. However, Mr. Chidolue has not produced any such documents, has not claimed that he has no such responsive documents, and, to the extent we could determine from our review of the privilege log, Mr. Chidolue is not attempting to withhold responsive documents under a claim of privilege. In addition, the subpoena requires Mr. Chidolue to produce all documents concerning any "banking . . . accounts" in his name or under his control and to produce related account statements for the period "June 1, 2003 – present." *See* Subpoena Attachment, Request No. 10. However, Mr. Chidolue has not produced a single banking document and does not appear to be withholding any such documents under a claim of privilege. The staff finds it hard to believe Mr. Chidolue has no documents in his possession, custody or control responsive to this request.

In light of Mr. Chidolue's failure to produce all but one document in response to the subpoena, the staff has concerns about the adequacy of Mr. Chidolue's response. The staff intends to explore with Mr. Chidolue during his testimony on July 18, 2007, facts regarding the production, including the scope of the search undertaken and the location of any responsive documents. The staff reserves the right to address with the court its concerns about the sufficiency of the production.

According to your June 29, 2007 letter and the enclosed privileged log, Mr. Chidolue also declined to produce more than 1,600 pages of responsive documents under a claim of privilege. Mr. Chidolue apparently claims either or both Attorney-Client and Attorney Work Product protection for the documents listed on the privilege log. Under the terms of the Stipulation, for any documents that Mr. Chidolue withheld on the basis of attorney-client privilege or work product protection, he was required to "describe the nature of the documents, communications or things not produced **in sufficient detail so that the SEC is able to assess the applicability of the privilege or protection**." Stipulation, ¶ 1 (emphasis added). Mr. Chidolue's privilege log is not in compliance with the Stipulation, as the vast majority of the documents identified on the log are not described in sufficient detail for the staff to assess the applicability of the privilege(s) claimed in each instance.

In your cover letter, you state explicitly that you "are not describing the subject matter of the documents [on the privilege log] out of a concern that doing so would waive the privilege." In addition to the fact that this is in direct violation of the Stipulation's

Robert F. Muse, Esq.
July 9, 2007
Page 3

requirement that the log shall describe the "subject matter" of any withheld document, it is inconsistent with relevant law. *See, e.g.*, Fed. R. Civ. P. 45(d)(2) (requiring claim of privilege to be "supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim").

A communication must satisfy the following requirements in order to enjoy the protection of the attorney-client privilege:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*In re Sealed Case*, 737 F.2d 94, 98-99 (D.C. Cir 1984) (quoting *United States v. United Shoe Mach. Corp.*, 89 F.Supp. 357, 358-59 (D.Mass. 1950)). "[T]he burden of demonstrating the applicability of the privilege lies with those asserting it," which requires the party to show "that the privilege applies to each communication for which it is asserted." *United States v. Legal Svcs. for New York City*, 249 F.3d 1077, 1081-82 (D.C. Cir. 2001) (citing cases). Moreover, "[n]ot only the privileged relationship but all essential elements of the privilege must be shown 'by competent evidence . . . .'" *Cobell v. Norton*, 213 F.R.D. 69, 72 (D.D.C. 2003) (quoting *Martin v. Valley Nat'l Bank of Arizona*, 140 F.R.D. 291, 302 (S.D.N.Y. 1991)). Additionally, "[w]here business and legal advice are intertwined, the legal advice must predominate for the communication to be protected." *Neuder v. Battelle Pac. Nw. Nat'l Lab.*, 194 F.R.D. 289, 292-94 (D.D.C. 2000) (citing cases).

In addition to attorney-client privilege, Mr. Chidolue claims attorney work product protection applies to many of the documents on the privilege log. "The work-product doctrine shields materials 'prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).'" *Judicial Watch, Inc. v. Department of Justice*, 432 F.3d 366, 369 (D.C. Cir. 2005) (quoting Fed. R. Civ. P. 26(b)(3)). In order to establish that attorney work product protection applies, the party must "demonstrate that documents were created 'with a specific claim supported by concrete facts which would likely lead to litigation' ... not merely assembled in the ordinary course of business or for other non-litigation purposes." *Linde Thompson Langworthy Kohn & Van Dyke, P.C. v. Resolution Trust Corp.*, 5 F.3d 1508, 1515-16 (D.C. Cir. 1993) (quoting *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 865 (D.C. Cir. 1980)).

Robert F. Muse, Esq.
July 9, 2007
Page 4

Mr. Chidolue's privilege log does not provide sufficiently detailed descriptions of the documents withheld, as required by law and the Stipulation. Nearly all of the descriptions on the log are vague, including one- and two-word descriptions such as "letter," "article," "memorandum," "e-mail," and "county form." There are also numerous entries on the log in which a document is withheld on the basis of attorney-client privilege and attorney work product protection, but the author or recipient, or their relationship with each other, is not apparent from the entry on the log. For instance:

(i)     it is unclear how a "proposal" from an "unknown" author received by "Chidolue" is a privileged attorney-client communication and is also work product [*see* Bates number SMM-000003-000019];

(ii)    the privilege log does not provide sufficient information regarding the identity of "John Robertson" or his relationship with "Sir Emeka Offor" and "ERHC Directors" to assess the applicability of attorney-client and work product protection for the document identified as Bates number SMM-000020-000041; and

(iii)   it is not clear how a document described as "county form," authored by "Charles Bacarisse," whom the privilege log does not otherwise identify, and received by "Chidolue," is an attorney-client and work product-protected document [*see* Bates number SMM-000498-000501].

Descriptions such as these have rendered it impossible for the staff to determine the legitimacy of the claims of privilege made for nearly all of the documents identified on the privilege log. Given the information provided, it is often not clear what the claimed "communication" involving an attorney and a client is that forms the basis of the attorney-client privilege. Moreover, it is often not clear what the basis of attorney work product privilege might be. The staff also has reason to believe that Mr. Chidolue may have operated in a business capacity with respect to certain of the entities about which information is sought in the subpoena. Consequently, it is Mr. Chidolue's burden to make clear to the staff the nature of the documents, the reason for their creation, and his relationship to them in order to provide a sufficient basis for the privilege. The log provided by Mr. Chidolue does not give the staff adequate information to determine the basis of the privilege claimed for each of the documents that Mr. Chidolue has withheld.

There are also several entries on the log that apparently identify entire files that have been withheld. (E.g., "discovery file," "Chrome Energy LLC file, including Chidolue's notes and other documents," and "file on Ali Memnon.") The Stipulation, however, required Mr. Chidolue to provide detailed information for "*each* document" withheld. Stipulation, ¶ 1 (emphasis added). Mr. Chidolue has failed to comply with this requirement by placing entire undifferentiated "files" on the privilege log.

In light of the deficiencies in the privilege log, the staff requests that Mr. Chidolue produce a new privilege log properly supplying the information necessary as to each

Robert F. Muse, Esq.
July 9, 2007
Page 5

document to support the claimed privileges.  The staff requests that Mr. Chidolue produce the corrected log as soon as possible but no later than Monday, July 16, 2007 so that the staff may have adequate time to review the log in advance of Mr. Chidolue's testimony.

If Mr. Chidolue fails to produce an updated log before his testimony, the staff reserves the right to address the issues identified with the court.  In addition, the staff reserves the right to review in testimony with Mr. Chidolue the facts underlying the claimed assertion of privilege with respect to each document withheld under a claim of privilege.  Please ensure that Mr. Chidolue is prepared to address these matters when he comes to our offices to provide testimony.

If you have any questions regarding this matter, please contact me at (202) 551-4464, or Kevin Loftus, Branch Chief, at (202) 551-4917.

Sincerely,

Michael K. Catoe
Senior Counsel

```
***********************
***    TX REPORT    ***
***********************

TRANSMISSION OK

TX/RX NO               0110
DESTINATION TEL #      2968312
DESTINATION ID
ST. TIME               07/10 00:20
TIME USE               02'04
PAGES SENT             6
RESULT                 OK
```

# U.S. SECURITIES
# & EXCHANGE COMMISSION
## 100 F Street, N.E.
### Washington, D.C. 20549-4010

7/9/07

## DIVISION OF ENFORCEMENT
## FACSIMILE TRANSMISSION

From: _Michael Catoe, Esq._

Telephone #:  (202) 551-_4464_
Telecopier #:  (202) 772-_9233_

## PLEASE DELIVER THE FOLLOWING PAGES *TO*:

NAME: _Robert F. Muse, Esq._

_Stein, Mitchell & Mezines, LLP_

FIRM:

TELEPHONE #:

```
***********************
***   TX REPORT   ***
***********************

TRANSMISSION OK

TX/RX NO              0108
DESTINATION TEL #     2988312
DESTINATION ID
ST. TIME              07/09 06:52
TIME USE             02'06
PAGES SENT            6
RESULT               OK
```

# U.S. SECURITIES
# & EXCHANGE COMMISSION
### 100 F Street, N.E.
### Washington, D.C. 20549-4010



7/9/07

## DIVISION OF ENFORCEMENT
## FACSIMILE TRANSMISSION

From: _Michael Cutoe, Esq._

Telephone #: (202) 551-_4464_
Telecopier #: (202) 772-_9233_

### PLEASE DELIVER THE FOLLOWING PAGES *TO*:

NAME: _Robert F. Muse, Esq._
_Stein, Mitchell & Mezines, LLP_

FIRM: _____

TELEPHONE #: _____

# EXHIBIT 5

LAW OFFICES

# STEIN, MITCHELL & MEZINES
### L.L.P.
#### 1100 CONNECTICUT AVE., N.W., STE. 1100
#### WASHINGTON, D. C. 20036

GLENN A. MITCHELL
JACOB A. STEIN
GERARD E. MITCHELL
ROBERT F. MUSE
DAVID U. FIERST
RICHARD A. BUSSEY
PATRICK A. MALONE
ROBERT L. BREDHOFF
CHRISTOPHER H. MITCHELL
ANDREW M. BEATO
LAURIE A. AMELL
DENIS C. MITCHELL
ARI S. CASPER
JOSHUA A. LEVY

OF COUNSEL
GEORGE ANTHONY FISHER
RETIRED
BASIL J. MEZINES

TELEPHONE: (202) 737-7777
TELECOPIER: (202) 296-8312
www.SteinMitchell.com

July 17, 2007

## Via Electronic Mail and First Class Mail

Michael K. Catoe, Esq.                                    **CONFIDENTIAL**
Senior Counsel
U.S. Securities and Exchange Commission
Division of Enforcement
100 F Street, N.E.
Washington, DC  20549-4631

>    *Re:*    *In the Matter of ERHC Energy, Inc.*
>              *SEC File No. HO-10247*

Dear Mr. Catoe:

This will supplement our letter to you dated June 29, 2007.

In addition to the bank account information previously identified in that letter, please note the following accounts that may be responsive to your subpoena inquiry:

1.  Washington Mutual, Account # █████████████████ and

2.  Texas State Bank, Account # █████████.[1]

We also attach to this letter statements downloaded from Mr. Chidolue's Bank of America accounts in Houston.  We are making these statements accessible to the SEC in

---

[1] This is not a personal account.  It is an account established for Chrome Management Services ("CMS"), which asked Mr. Chidolue to sign papers with the bank for the purpose of nominating CMS for the account.

STEIN, MITCHELL & MEZINES

preparation for Mr. Chidolue's hearing tomorrow.  These documents are not bates-stamped in order to get them to you promptly.  However, they will be bates-stamped for tomorrow's hearing.

Thank you for your attention to this matter.  Please call me if you have any questions.

Sincerely,

Robert F. Muse

Enclosures

RFM/rbc

# EXHIBIT 6



UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

DIVISION OF
ENFORCEMENT

July 24, 2007

**VIA FACSIMILE**
**(202) 296-8312**

Robert F. Muse, Esq.
Robert L. Bredhoff
Stein, Mitchell & Mezines L.L.P.
1100 Connecticut Avenue, N.W., Suite 1100
Washington, DC 20036

   Re:  *In the Matter of ERHC Energy Inc.,*
      <u>SEC File No. HO-10247</u>

Dear Messrs. Muse and Bredhoff:

  As we indicated in our telephone conversation today with Mr. Bredhoff, the staff of the Securities and Exchange Commission is writing this letter in an effort to resolve outstanding issues pertaining to the subpoena enforcement action that the staff filed on June 6, 2007, in the United States District Court for the District of Columbia against your client, O.J. Chidolue. The subpoena enforcement action relates to the November 15, 2006 subpoena that the staff served on Mr. Chidolue, requiring his production of certain documents and his appearance for testimony. On June 13, 2007, the staff entered into a Stipulation with Mr. Chidolue in the subpoena enforcement proceeding, under which Mr. Chidolue agreed to produce, on or before June 29, 2007, "all documents . . . in his possession, custody and/or control, which are responsive to the subpoena served on him . . . [and] a log identifying all responsive documents that he has not produced for any reason." Mr. Chidolue also agreed to appear for testimony at the Commission's offices on July 18, 2007.

  Mr. Chidolue produced one document in response to the subpoena on June 29, 2007, along with a privilege log of withheld documents, and also produced a few additional financial-related documents on July 17, 2007. Mr. Chidolue also appeared for testimony at the Commission's offices on July 18, 2007.

  As we have indicated in our previous communications with you, as well as during the course of Mr. Chidolue's testimony on July 18, the staff continues to maintain its position that the privilege log produced by Mr. Chidolue is not in compliance with the terms of the Stipulation or with relevant law. Specifically, the privilege log does not identify "**each document**" withheld, and does not "describe the nature of the documents, communications or things not produced **in sufficient detail so that the SEC is able to assess the applicability of the privilege or protection**." Stipulation, ¶ 1 (emphasis added).

Robert F. Muse, Esq.
Robert L. Bredhoff, Esq.
July 24, 2007
Page 2

Nevertheless, in an effort to resolve our concerns about the privilege log, we are requesting that you provide additional information about five specific entries listed on the log. Those entries are identified by the following Bates ranges:

     i.    SMM-000003-000019;

     ii.   SMM-000525-000600;

    iii.  SMM-000601-000606;

    iv.  SMM-000664-000667; and

     v.   SMM-001616-001621.

For each of these Bates ranges, we request that you identify **each individual document** contained therein, along with the following, as required by the terms of the Stipulation:

    a.   the creator(s) of the document;

    b.   the date of the document;

    c.   the present, or last known, custodian of the document;

    d.   the subject matter of the document;

    e.   all persons known to have been furnished the document or a photocopy of the document and all persons known to have been informed of the document's substance; and

    f.   the reason the document is not being produced.

To the extent that the log identifies any document withheld on the basis of attorney-client privilege or attorney work product protection, "please describe the nature of the documents, communications or things not produced in sufficient detail so that the SEC is able to assess the applicability of the privilege or protection." *See* Stipulation, ¶ 1.

Please let us know by July 25, 2007 whether you intend to supplement Mr. Chidolue's privilege log with the additional information that we have requested in this letter. In the event that you do not agree to provide the information we have requested, the staff reserves its right to address its concerns regarding Mr. Chidolue's privilege log with the court.

Robert F. Muse, Esq.
Robert L. Bredhoff, Esq.
July 24, 2007
Page 3


  If you have any questions regarding this matter, please contact me at (202) 551-4464, or Kevin Loftus, Branch Chief, at (202) 551-4917.


        Sincerely,

        Michael K. Catoe
        Senior Counsel

```
                    *********************
               ***    TX REPORT    ***
                    *********************

          TRANSMISSION OK

          TX/RX NO              0138
          DESTINATION TEL #     2988312
          DESTINATION ID
          ST. TIME             07/24 05:36
          TIME USE             01'11
          PAGES SENT           4
          RESULT               OK
```

# U.S. SECURITIES
# & EXCHANGE COMMISSION
### 100 F Street, N.E.
### Washington, D.C. 20549-4010



7/24/07

## DIVISION OF ENFORCEMENT
## FACSIMILE TRANSMISSION

From: _Michael K. Catoe, SC_

Telephone #: (202) 551- _4464_
Telecopier #: (202) 772-_9233_

## PLEASE DELIVER THE FOLLOWING PAGES *TO*:

NAME: _Robert F. Muse, Esq_
_Robert L. Bredhoff,_

FIRM: _Stein, Mitchell & Mezines, LLP_

TELEPHONE #:

TELECOPIER #: _(202) 296-8312_

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**SECURITIES AND EXCHANGE COMMISSION,**

                              **Applicant,**                              **Case No.: 07-mc-247**

**v.**

**O. J. CHIDOLUE,**

                              **Respondent.**

---

### [PROPOSED] ORDER

This matter came before the Court pursuant to the Status Report of the Securities and Exchange Commission.  For good cause shown, the Court hereby **ORDERS** that this matter shall be continued for 30 days, until August 27, 2007, at which time the Commission shall file its next Status Report advising the Court of the necessity of a show cause hearing.

            **IT IS SO ORDERED.**


Dated: _____, 2007          _____
                                      PAUL L. FRIEDMAN
                                      United States District Court Judge